# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAITHIELE JON ROBINSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 18-099-RAW-KEW |
| | ) |
| **EDDY RICE,** | ) |
| **Okmulgee County Sheriff,**[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a pro se pretrial detainee who is incarcerated in the Moore Detention Center (commonly referenced as the Okmulgee County Jail) in Okmulgee, Oklahoma. He is seeking dismissal of his pending charges in

---

[1] Citing *Lawson v. Okmulgee County Criminal Justice Authority*, 726 F. App'x 685, 687 (10th Cir. 2018), Respondent alleges the Okmulgee County Criminal Justice Authority, a public trust under Oklahoma law which operates the Okmulgee County Jail, is the proper respondent in this case. *Lawson*, however, was a civil rights action pursuant to 42 U.S.C. § 1983, while this case is a habeas corpus action under 28 U.S.C. § 2241 which does not concern the operation of the jail facility. Instead, this action concerns Petitioner's pending criminal charges and detention. The proper respondent in a habeas petition is the petitioner's custodian. *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (citing 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)). *See also Branom v. Criminal Justice Auth.*, No. CIV-14-1152-C, 2015 WL 739882, at *2 (W.D. Okla. Feb. 20, 2015) (unpublished) (noting the proper respondent in a § 2241 petition challenging pretrial detention "would be the state official who has custody of [the petitioner]").

Okmulgee County District Court Case No. CF-2016-480A and release from custody.[2] He presents the following grounds for habeas relief:

    I.    Forcible entry without search warrant; affidavit for search warrant listed victim's cell phone; Officer who took *Miranda* warning statement also witnessed it; Detective testified at preliminary hearing that victim's property was recovered from Michael Andrew Tiger.

    II.    Formal Information of charges filed on December 19, 2016: Count 1, Murder in the First Degree Deliberate Intent and/or Murder in the First Degree Felony Murder; Count 2, Robbery with a Weapon.

    III.    Incarceration since December 3, 2016, without trial or conviction.

    IV.    State of Oklahoma lacks jurisdiction because Petitioner is a Muskogee (Creek) citizen, and the alleged crimes occurred on Muskogee (Creek) land.

(Dkt. 1 at 6-8).

Respondent has filed a motion to dismiss the petition, alleging among other things, that Petitioner has failed to exhaust the state remedies for his claims. The exhaustion requirement of 28 U.S.C. § 2254(b) also applies to § 2241 habeas petitions brought by pretrial detainees. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Fuller v. Baird*, 306 F. App'x 430, 431 (10th Cir. 2009). Respondent argues that Petitioner could pursue his state remedies by presenting to the state district court appropriate motions, such

---

[2] Petitioner was charged by Information in Okmulgee County District Court Case No. CF-2016-480A with Count 1: First Degree Murder--Deliberate Intent, Okla. Stat. tit. 21, § 701.7(A), or in the Alternative, Murder in the First Degree--Felony Murder, Okla. Stat. tit. 21, § 701.7(B); Count 2: Robbery with a Weapon, Okla. Stat. tit. 21, § 801 (Dkt. 8-1).

as a motion to quash for insufficient evidence, or by contesting the grounds for issuance of a search warrant (Dkt. 8 at 9).[3]

Furthermore, in Oklahoma a remedy for unlawful detention is available through a state writ of habeas corpus. *See* Okla. Stat. tit. 12, § 1344 ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in civil and criminal actions."). *See also* Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."). As of the date of this Opinion and Order, the Oklahoma State Courts Network website indicates Petitioner has not sought state habeas corpus relief. Therefore, the Court finds Petitioner has not exhausted his state court remedies or established that state court remedies are unavailable.

Regardless of the exhaustion issue, federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of

---

[3] According to the Oklahoma State Courts Network website at http://www.oscn.net, on August 13, 2018, Petitioner filed a motion to dismiss the Information for lack of state jurisdiction in Case No. CF-2016-480A. As of the entry of this Opinion and Order, the state court has not ruled on the motion. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014) (taking judicial notice of the public records of the Oklahoma State Courts Network).

state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998). Here, the Court finds all three of the *Younger* elements clearly are present.[4]

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE. Petitioner is DENIED a certificate of appealability.

---

[4] Respondent advises that Petitioner's criminal proceedings are pending until a determination of his competency can be reached, pursuant to the state district court's Order for Determination of Competency which was entered on March 5, 2018 (Dkts. 8 at 1-2, 8-2, 8-3).

**IT IS SO ORDERED** this 10th day of December 2018.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma